**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RONALD THOMAS, JR.

    Defendant.

Case No. 08-20130-01-CM

## MEMORANDUM AND ORDER

This matter comes before the court upon defendant Ronald Thomas, Jr.'s pro se "Motion Stating Grounds For Relief From a Judgment, Order, or Proceeding Pursuant to Federal Rules of Civil Procedures 60(b)(5) and (6)" (Doc. 106). Defendant pleaded guilty to violation of 18 U.S.C. § 860(a) and 18 U.S.C. § 2, distributing crack cocaine within 1,000 feet of a school, on July 20, 2009. Defendant was sentenced on July 27, 2010 to 188 months in the custody of the Bureau of Prisons, followed by six years of supervised release. Defendant did not file a direct appeal.

### I. Background

On May 29, 2016, defendant filed a Motion to Vacate under 28 U.S.C. § 2255, arguing the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), created a new and retroactive constitutional rule. Specifically, defendant argued the sentence enhancement applied by this court based on his career offender status under U.S.S.G. § 4B1.2 is unconstitutional after *Johnson* because the Supreme Court held a "violent felony" residual clause is unconstitutionally vague. This court dismissed that motion on May 22, 2017 because the United States Supreme Court held the advisory sentencing guidelines are not subject to vagueness challenges under the due process clause. *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). Thus, "no new rule or constitutional law provides defendant

-1-

an avenue for relief." (Doc. 105, at 1.) This court also declined to issue a certificate of appealability for that motion.

Defendant filed the current motion on February 20, 2018. For the reasons set forth below, the court determines this is a second or successive habeas petition under 28 U.S.C. § 2244 and transfers defendant's motion to the Tenth Circuit for authorization.

**II.     Analysis**

Defendant argues he is entitled to relief under Rule 60(b) because he "did not have access to his Texas state documents, and relied on counsel to determine if his prior felonies qualified him for the career offender enhancement." (Doc. 106, at 1.) He further agues this court erred in dismissing his prior motion because the Fifth Circuit determined Texas Penal Code 38.04, Evading Arrest with a Motor Vehicle, no longer qualifies as a violent crime offense for purposes of sentence enhancement and because this outcome is in conflict with the expressed intent of Congress in 28 U.S.C. § 994(h).

Not all Rule 60(b) motions are to be treated as a second or successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524 (2005). After *Gonzalez*, the Tenth Circuit set forth rules and procedures to determine if a motion should be treated as a "true" 60(b) motion or as a second or successive habeas petition. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). District courts must first determine whether the motion is a true 60(b) motion or a second or successive petition. *Id*. at 1216.

> Under *Gonzalez*, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Id*. at 1215–16 (internal citations omitted). *Gonzalez* provides examples of motions that should be treated as second or successive petitions, including motions arguing a subsequent change in the law requires

-2-

relief or motions asserting a constitutional claim the petitioner failed to include in the prior petition. 545 U.S. at 530–31. These types of petitions assert or reassert a federal basis for relief and do not challenge procedural rulings or defects in the integrity of the habeas proceeding. In the instant case, defendant's motion falls squarely in this category. Defendant does not challenge any procedural ruling by this court or the integrity of the habeas proceeding; rather, he directly challenges the merits of this court's order regarding his first habeas petition under 28 U.S.C. § 2255. (*See, e.g.*, Doc. 106, at 6 ("[The] May 2[2], 2017 Court Order was wrongful application of the law . . . ."); *id.* at 9 ("The Court's limited inquiry into the relevance of [U.S.S.G. §] 4B1.1, was misplaced . . . .").) This is precisely the type of challenge the Supreme Court and Tenth Circuit have instructed district courts to consider second or successive petitions. *See Spitznas*, 464 F.3d at 1216 (identifying motions "seek[ing] vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of that claim" as second or successive petitions under *Gonzalez*).

Further, defendant's motion is, at least in part, one for ineffective assistance of counsel. (Doc. 106, at 12 ("Until the affiant reviewed the Court records, the [defendant] was not aware that he had received ineffective assistance of counsel.").) Defendant's motion contains several other indirect references to ineffective assistance of counsel. (*See, e.g.*, *id.* at 10 ("However, there is a reasonable probability that counsel's deficiency undermine[s] confidence in the outcome. In this case such an error was not readily apparent to the [defendant], who relied on his Court appointed counsel to defend him.").) Defendant argues he was not aware of the "egregious error" and did not raise these arguments in his first petition because his "counsel accepted the ruling of [this court] as final and did not provide sufficient information that would allow the [defendant] to proceed further." (*Id.* at 10.) Such references to counsel's alleged errors or omissions may be construed as asserting an alternative basis for relief under the Sixth Amendment. But claims asserting a new federal basis for relief, such as ineffective assistance

-3-

of counsel, are also considered second or successive petitions when brought as Rule 60(b) motions. *See Gonzalez*, 545 U.S. at 530–31 (2005); *see also Spitznas*, 464 F.3d at 1216.

Federal district courts have little power to address second or successive applications for writs of habeas corpus. *See* 28 U.S.C. § 2244; *see also Spitznas*, 464 F.3d at 1215. For the reasons stated above, the court determines this motion is a second or successive habeas petition. Because this court may not consider a second or successive habeas petition without prior authorization from the Tenth Circuit, the court transfers defendant's motion to the Tenth Circuit for authorization pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Spitznas*, 464 F.3d 1217.

**IT IS THEREFORE ORDERED** that defendant's Motion Stating Grounds For Relief From a Judgment, Order, or Proceeding Pursuant to Federal Rules of Civil Procedures 60(b)(5) and (6) (Doc. 106) is transferred to the United States Court of Appeals for the Tenth Circuit.

Dated November 5, 2018, at Kansas City, Kansas.

                                              **s/ Carlos Murguia**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**